UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Elizabeth De'Anna Scannell, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:20-cv-4288-BHH-MGB |
| v. | ) |
| | ) **Opinion and Order** |
| South Carolina Department of Social Services, Medical University of South Carolina, Cynthia Bradford, Mosetta Clark, Louchetia Simmons-Robinson, Jane Bell, Michael Leach, Donna Johnson, Michelle Irene Amaya, Kelly Finke, MUSC Administrator 1, MUSC Administrator 2, MUSC Administrator 3, and MUSC Public Safety Supervisor, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Plaintiff Elizabeth De'Anna Scannell ("Plaintiff"), proceeding *pro se*, bring this action asserting the following federal claims:

- Section 1983 claims against Defendants Cynthia Bradford, Mosetta Clark, Louchetia Simmons-Robinson, and Jane Bell (all SCDSS employees), for violation of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights;

- Section 1983 claims against Defendants Donna Johnson, Michelle Irene Amaya, Kelly Finke, MUSC Administrator 1, MUSC Administrator 2, and MUSC Administrator 3 (all MUSC employees) for violation of Plaintiff's Fourth and Fourteenth Amendment rights; and

- A claim against Defendant MUSC for violation of the ADA; and

- Section 1985 claims against Defendants Donna Johnson, Michelle Irene Amaya, Kelly Finke, MUSC Administrator 1, MUSC Administrator 2, and MUSC Administrator 3 (all MUSC employees) for violation of Plaintiff's Fourth and Fourteenth Amendment rights.

(ECF No. 1-1 at 60-77.)

Additionally, Plaintiff asserts the following state law claims: (1) gross negligence against Defendant SCDSS; (2) negligence/gross negligence against Defendant MUSC; (2) civil conspiracy against Defendants Johnson, Amaya, Finke, MUSC Administrator 1, MUSC Administrator 2, and MUSC Administrator 3; (3) abuse of process against Defendant MUSC and Defendants Johnson, Amaya, Finke, MUSC Administrator 1, MUSC Administrator 2, and MUSC Administrator 3; (4) assault against Defendant MUSC Public Safety Advisor; (5) fraud and misrepresentation against Defendants Johnson, Amaya, Finke, MUSC Administrator 1, MUSC Administrator 2, and MUSC Administrator 3; (6) intentional infliction of emotional distress/outrage against Defendants Johnson, Amaya, Finke, MUSC Administrator 1, MUSC Administrator 2, and MUSC Administrator 3; and (7) false imprisonment against Defendants Johnson, Amaya, Finke, MUSC Administrator 1, MUSC Administrator 2, and MUSC Administrator 3, and Defendants Bradford, Clark, Simmons-Robinson, and Bell. (See generally *id*.)

Two motions for summary judgment were filed with the Court—one filed by the Medical University of South Carolina ("MUSC") and its employees (the "individual MUSC Defendants," and collectively, the "MUSC Defendants") (ECF No. 130), and one filed by the South Carolina Department of Social Services ("SCDSS") and its employees (the "individual SCDSS Defendants," and collectively, the "SCDSS Defendants") (ECF. No. 132).

On January 11, 2024, in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C., United States Magistrate Mary Gordon Baker issued a Report and Recommendation ("Report"), outlining the issues and recommending that this

Court grant Defendants' motions for summary judgment as to each of Plaintiff's federal claims. (ECF No. 157.) The Magistrate Judge also recommends that this Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. (*Id.*) The Report sets forth, in detail, the relevant facts and standards of law on this matter, and because no party objects to this portion of the Report, the Court incorporates those facts and standards without a recitation.

MUSC Defendants and SCDSS Defendants each filed objections to the Magistrate Judge's Report, objecting only to the recommendation that the Court remand Plaintiff's state law claims. (ECF Nos. 161, 162.) Plaintiff filed a response to the Report, but she does not specifically object to any portion of the Report and states that, while she does not agree with the decision to dismiss her federal claims, she "accept[s] the final recommendation of the Court." (ECF Nos. 163, 164 at 1. [1])

For the reasons set forth below, the Court adopts the Magistrate Judge's Report in full and grants Defendants' motions for summary judgment as to Plaintiff's federal claims and remands Plaintiff's state law claims to state court.

## **STANDARDS OF REVIEW**

### I.     The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final

---

[1] Plaintiff's response appears to have been mailed and docketed twice as objections; although, as noted above, she does not specifically object to the Report. (Compare ECF Nos. 163, 164.) In her response, however, Plaintiff references the Magistrate Judge's prior order, ECF No. 154, which granted in part and denied in part two prior motions to seal, ECF Nos. 148, 149, and she asks this Court to remove and/or redact certain documents from PACER in accordance with the prior order. (ECF No. 163 at 2-3.) After review, however, the Court does not find it necessary to further redact or remove any additional documents referenced by Plaintiff, as Plaintiff offers no proof to satisfy the rigorous First Amendment standard for sealing, and it appears that these documents either have already been redacted or do not contain confidential or sensitive information that outweighs the presumption of access.

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.     Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## **DISCUSSION**

Defendants object only to the Magistrate Judge's recommendation that this Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and remand

those claims to state court. *See* 28 U.S.C. § 1367(c) (authorizing a district court to decline to exercise jurisdiction over a supplemental claim). In other words, Defendants do ***not*** object to the Magistrate Judge's findings and recommendations as to Plaintiff's federal claims, nor does Plaintiff object to this portion of the Report. After review, the Court finds no clear error on the part of the Magistrate Judge and finds that the Magistrate Judge accurately summarized the facts and applied the correct principles of law in finding that Defendants are entitled to summary judgment on Plaintiff's federal claims. Accordingly, the Court adopts in full the Magistrate Judge's findings and recommendations as to Plaintiff's federal claims.

Turning now to the Magistrate Judge's recommendation that the Court remand Plaintiff's remaining state law claims for consideration by the state court in the first instance, the Court notes that "district courts may decline to exercise supplemental jurisdiction . . . if-- . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). The Court further notes that it has wide discretion in making this determination and "should consider and weigh [several factors, including] . . . judicial economy, convenience, fairness, and comity . . . ." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988).

In her Report, the Magistrate Judge found that the balance of these factors weighs in favor of remand, citing to *Carnegie-Mellon University*, wherein the Supreme Court stated, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 351 n.7.

5

Here, Defendants filed objections urging this Court to retain Plaintiff's state law claims and grant summary judgment as to them as well. In sum, Defendants argue against remanding these claims because, according to them, these claims are patently without merit given the Magistrate Judge's ruling on the corresponding federal claims and their defenses outlined in their respective objections. Defendants also assert that discovery is complete, and the state law claims have been fully briefed; that Plaintiff has failed to present any valid or supported opposition to the state law claims; that there are no unique issues of state law; and that remand will cause unnecessary delay in the resolution of the case, which has been pending for over three years.

Upon consideration of the record, the Court notes that there are reasons to exercise supplemental jurisdiction and reasons not to exercise supplemental jurisdiction over Plaintiff's state law claims for gross negligence, civil conspiracy, abuse of process claims, fraud and misrepresentation, intentional infliction of emotional distress/outrage claims, and false imprisonment. With respect to the former, the Court recognizes that retaining jurisdiction over these state law claims would promote judicial economy. With respect to the latter, however, the Court finds that the factors of convenience, fairness, and comity all weigh in favor of remanding the state law claims. *See, e.g., United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966) (warning that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law . . . . [I]f federal claims are dismissed before trial . . . the state law claims should be dismissed as well"); *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 553 n. 4 (4th Cir. 2006) (citing *Carnegie-Mellon Univ.*, 484 U.S. at 353-54 ("Once a district court has

6

dismissed the federal claims in an action, it maintains 'wide discretion' to dismiss the supplemental state law claims over which it properly has supplemental jurisdiction.").

First, Plaintiff elected to file suit initially in South Carolina state court, and Defendants are South Carolina citizens. (ECF No. 1.) Thus, Charleston County Court of Common Pleas is both a convenient and fair forum for the state law claims. Second, the state claims have no connection to federal interests or policies, and South Carolina has a strong interest in deciding the state law issues that remain. Next, the Court notes that if summary judgment were to be denied on any of the remaining state law claims, it would be more appropriate for these claims to be tried in a state court. Thus, considerations of comity also support remand. After review, therefore, the Court overrules Defendants' objections and finds it appropriate to remand Plaintiff's remaining state law claims.

## CONCLUSION

After careful consideration of the relevant materials and the applicable law, and for the reasons set forth above, the Court **adopts and specifically incorporates** the Magistrate Judge's Report (ECF No. 157); the Court **grants** Defendants' motions for summary judgment (ECF Nos. 130, 132) with respect to Plaintiff's federal claims; and the Court **remands** Plaintiff's remaining state law claims to the Court of Common Pleas for Charleston County, South Carolina.

**IT IS SO ORDERED.**

/s/ *Bruce Howe Hendricks*
United States District Judge

March 4, 2024
Charleston, South Carolina